# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Darrion O. Foote, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No: 13 C 50349 |
| | ) | |
| Mark Lolli, et al., | ) | |
| | ) | |
| *Defendants*. | ) | Judge Frederick J. Kapala |

## ORDER

Plaintiff's objection to the magistrate's order (styled as a motion to object) [53] is overruled.

## STATEMENT

Plaintiff, Darrion Foote, objects to the May 22, 2014 order of the magistrate judge to whom this case has been referred, arguing that the magistrate judge erred in refusing to impose sanctions based on his "constitutional right to privacy under HIPAA that defense counsel blatantly violated" when defendant Meyers provided copies of plaintiff's medical records to defendant Lewis' attorneys without a HIPAA authorization form. (Pl. Obj. 2.) According to the parties, Meyers did not provide Lewis' (who happens to be one of plaintiff's medical providers) attorneys with a copy of plaintiff's medical records, rather the University of Illinois College of Medicine (who employs Lewis but is not a party to this action otherwise) disclosed such materials.

"A district court may only overturn a magistrate's decision if the decision is 'clearly erroneous or is contrary to law.'" Jones v. City of Elkhart, Ind., 737 F.3d 1107, 1115 (7th Cir. 2013) (quoting Fed. R. Civ. P. 72(a)). "In short," the district judge reviews magistrate-judge decisions "for clear error." Domanus v. Lewicki, 742 F.3d 290, 295 (7th Cir. 2014). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Weeks v. Samsung Heavy Indus. Co., 126 F.3d 926, 943 (7th Cir. 1997).

The magistrate judge did not clearly err. First, as pointed out by Lewis, she is employed and insured by the University of Illinois College of Medicine (the "University") who had the records in the first place. The provisions of 45 C.F.R. 164.506(a) permit the disclosure by a covered entity (like the University) for the purposes of "[c]onducting or arranging for . . . legal services . . . ," and it disclosed the records here for the purposes of arranging legal services for one of its employees who allegedly committed a tort in the scope of her employment with the University. Moreover, Foote signed a HIPAA authorization on April 16, 2014, to permit the Winnebago County defendants' (which is every defendant except Lewis) attorney to access his medical records, which expressly permitted that the Winnebago County attorney may have to disclose those records. The federal rules

would have required such a disclosure eventually from Winnebago County to Lewis's attorneys presuming Winnebago County made any use of the documents other than impeachment. See Fed. R. Civ. P. 26(a)(1)(A)(ii). Indeed, Foote filed suit against Lewis for unconstitutionally cruel and unusual provision of medical services, and mentioned his medical records in the filing of the complaint. There is no question that her attorneys would have been entitled to review those records during the course of the litigation. See Fed. R. Civ. P. 26(b)(1). Accordingly, even if there had been a de minimis HIPAA violation, it would have been moot shortly thereafter. Finally, the record indicates that none of the defendants were involved in the alleged violation of HIPAA, as it was the University which allegedly disclosed the information, and it is not a party to this action. For all the foregoing reasons, the magistrate judge did not clearly err for failing to impose sanctions, and the objection is overruled.

Date: 8/8/2014

ENTER:

_____
FREDERICK J. KAPALA

District Judge