IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Darrion O. Foote (#N-61595), | ) | |
| Plaintiff, | ) ) ) | Case No. 13 C 50349 |
| v. | ) ) ) | Judge Frederick J. Kapala |
| Mark Lolli, et al., | ) ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's motion for extension of time [140] is granted in part and denied in part. Plaintiff's motion for extension of time to file a notice of appeal is granted; Plaintiff is given until October 30, 2015, or until fourteen days after entry of this order (whichever is later) to file a notice of appeal. Plaintiff's motion for extension of time to file post-judgment motions is denied. Plaintiff's motion for information and/or forms [141] is denied.

## STATEMENT

The Court granted summary judgment in Defendants' favor on August 31, 2015 [135, 137], and judgment entered that same day. The Court advised Plaintiff at that time that, if he wanted to appeal the judgment, he was required to file a notice of appeal with this Court within thirty days of the entry of judgment. Before the Court are Plaintiff's motion for extension of time and motion for information and/or forms.

Plaintiff's motion for extension of time is two-fold. First, Plaintiff requests an extension of time to file post-judgment motions. A Rule 59(e) motion must be filed within 28 days after entry of the judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion for relief from judgment must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). Accordingly, Plaintiff's request for an extension of time to file post-judgment motions is denied.

Second, Plaintiff requests an extension of time to file a notice of appeal. A notice of appeal must be filed within "30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement," *Bowles v. Russell*, 551 U.S. 205, 214 (2007), and a "prerequisite to appellate review," *Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (citation omitted). Courts have "no authority to create equitable exceptions to jurisdictional requirements." *Bowles*, 551 U.S. at 214. Under Federal Rule of Appellate Procedure 4(a)(5), however, the Court "may extend the time to

file notice of appeal if a party moves no later than thirty days after the original deadline for the filing of notice of appeal, and that party shows 'excusable neglect or good cause.'" *Sherman*, 668 F.3d at 424-25. The longest extension the Court may provide is thirty days beyond the original deadline or "[fourteen] days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C).

Plaintiff's request for an extension of time to appeal the Court's August 31, 2015 judgment is timely. The Court therefore must consider whether Plaintiff has shown excusable neglect or good cause for his request. Plaintiff contends that he requires additional time to file a notice of appeal because he received the Court's order on September 4, 2015, and needs time to perform research in the prison's law library. The law library, however, currently is closed until September 15, 2015. Given Plaintiff's incarcerated status, the Court concludes that Plaintiff has shown good cause for his request insofar as it is plausible that Plaintiff requires additional time to perform the research necessary to pursue appeal.

Accordingly, Plaintiff's motion for an extension of time to file a notice of appeal is granted. Plaintiff is given to October 30, 2015, or until 14 days after entry of this order (whichever is later) to file a notice of appeal with this Court. Plaintiff is reminded that the Court has granted him the maximum time allowed by the Federal Rules of Appellate Procedure. No further extensions will be granted. If Plaintiff chooses to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Ill. Dep't of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998).

Plaintiff's request for information and/or forms is denied. Plaintiff requests "information and/or forms necessary to process an 1) post-judgment motion and/or 2) appeal in this matter" because, he says, "information regarding post-judgment motions and/or appeals is extremely difficult to discover in prison." The Court, however, cannot give Plaintiff legal advice and does not have the types of forms requested by Plaintiff. Moreover, Plaintiff is an experienced litigator who is familiar with the procedures for filing post-judgment motions and notices of appeal in this Court. *See Foote v. Winnebago County Jail*, No. 02 C 50390 (N.D. Ill.) (notice of appeal); *Foote v. Houi*, No. 03 C 50001 (N.D. Ill.) (notice of appeal); *Foote v. Meyers*, No. 04 C 50389 (N.D. Ill.) (motion for relief from judgment); *Foote v. Meyers*, No. 05 C 50170 (N.D. Ill.) (motion for relief from judgment); *Foote v. Meyers*, No. 11 C 50321 (N.D. Ill.) (notice of appeal). Plaintiff should consult the Federal Rules of Civil Procedure for the rules governing post-judgment motions and the Federal Rules of Appellate Procedure for the rules governing appeals and an appendix of appellate forms.

Date: September 25, 2015